IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1829, IN THE FOURTEENTH YEAR OF THE STATE.

---

### DOUGHERTY *v.* HUMPSTON, on Appeal.

*A.* SOLD to *B.* a tract of land, and gave him a title-bond conditioned for the execution of a deed for the land, when a patent for the same should be obtained from the *United States.* *A.* had paid to the *United States* one-fourth of the purchase-money. *B.* executed his notes to *A.* for the price of the land, payable part in labour and part in money, and agreed to complete the payments due to the *United States* on the land. *A.* afterwards assigned the land-office certificate for the land to *C.*, who had notice of *B.'s* title-bond; and *C.* paid the balance of the purchase-money due to the *United States*, and obtained a patent for the land. *B.* filed a bill in chancery against *C.*, setting out the above facts; averring a performance of the labour, and a payment of part of the money payable to *A.*; and praying for a conveyance of the land. *Held*, that as the bill did not show a payment or tender of all the money payable to *A.* by the contract, and a payment or tender to *C.* of the balance of the purchase-money paid by him to the *United States*, it should be dismissed for want of equity.

A bill for a specific performance of a contract, is addressed

*Tuesday, November 3.*

35

to the discretion of the Court; and it should always show that the complainant had done all which could be equitably required of him.

When a conveyance is decreed to be executed in such a case, the usual form is, to require the person who has the legal title to execute the conveyance, if he is of legal discretion and within the jurisdiction of the Court.