Saint, Treasurer, v. Welsh, Executor.

Filed May 28, 1895.

---

No. 17,249.

## Saint, Treasurer, v. Welsh, Executor.

Taxes.—*County Assessor, Power of to Add Omitted Property to Duplicate.—Retrospective Act.—Act of 1881, of 1891.*—The tax law of 1891 (sections 8531, 8560, 8600, R. S. 1894) confers upon county assessors the power to add to the tax duplicate property omitted by taxpayers during the years the act of 1881 was in force.

Same.— *Omitted Property. — Right to Tax.—Remedy.—Act of 1881, of 1891.*—The right of the State to taxes on omitted property prior to the act of 1891 is not created by such act, but arises under the act of 1881. The tax law of 1891 simply granted to the State a remedy, or provided certain means as a procedure to enforce a right which existed in its favor under the statute of 1881, viz., that of recovering taxes to which it was entitled by the act of 1881.

Same.— *On Omitted Property.—Suit to Enjoin Collection. —Essential Averments.*—If the county assessor has exercised his power to add omitted property in accordance with the provisions of the statute of 1891, it would be necessary for a party who assails his action in a suit to enjoin the collection of such taxes, in order to recover, to establish that the property added to the duplicate by the county assessor had been in fact listed and returned by the tax lister for the years in controversy, and that the taxes thereon have been paid or tendered before the commencement of the present action.

Same.—*Injunction.—Burden of Proof.*—In such action the burden of proof is upon the plaintiff to establish the material averments of his complaint.

Same.— *County Assessor.—Injunctive Relief Against Acts of.—Essential Facts.*—Where one assails the act or proceedings of a county assessor had in pursuance of the act of 1891, by an action seeking injunctive relief, he must, in order to succeed, establish that either the act or proceedings of such officer were void for failure to comply with some material provision of the statute which operated to

Saint, Treasurer, *v.* Welsh, Executor.

prejudice the taxpayer complaining, or that the property, money or means in question subject to taxation had been duly listed and returned therefor.

SAME.— *Omitted Property of Decedent.—Injunctive Relief by Administrator.*—An administrator, resisting the action of the county assessor in listing omitted property of his decedent, stands in the shoes of his decedent, and the *onus* is cast upon him to show that the claim asserted by the assessor is groundless.

SAME.—*Evidence.— Tax Lists.*—In such case the tax lists of the decedent could not be introduced and considered as evidence establishing the disputed fact that the amount of "money on loan," as therein mentioned, was all that the lister was liable or required under the law to return for taxation, but were only competent to be considered for the purpose of showing that "money on loan," to the amount therein stated, had been listed and returned for that year.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.*—The sustaining of a demurrer to a paragraph of answer, if error, is harmless where the same facts are provable under the general denial, which is pleaded.

SUPREME COURT PRACTICE.—*Sufficiency of Evidence.—Judgment Contrary to Law.*—The Supreme Court will not determine the preponderance of the evidence, but when, upon examination of the evidence in the record, the question arises: Is it sufficient, upon all material points involved, to sustain the judgment, or, under the evidence, is the judgment contrary to law? then, and in that event, this court will, on appeal, adjudicate these questions.

From the Henry Circuit Court.

*A. Rogers,* for appellant.

*M. E. Forkner* and *L. P. Mitchell,* for appellee.

JORDAN, J.—Appellee, as executor of the will of Joseph A. Welsh, deceased, commenced this action to enjoin appellant, the treasurer of Henry county, Indiana, from collecting from said estate taxes arising out of certain personal property said to have been omitted by testator from his tax returns for the years 1885, 1886, 1887, 1888, 1889 and 1890, and which the county assessor had added to the tax duplicate under the provisions of the tax law of 1891. Issues were joined in the court below between the parties by an answer in denial, upon appellant's

part, and a trial resulted in the court perpetually enjoining the collection of the controverted taxes. Appellant has assigned and presents for our consideration the following errors:

1st. Overruling demurrer to the complaint.

2d. Sustaining demurrer to second paragraph of answer.

3d. Overruling motion for a new trial.

The questions involved in this appeal, in the main, have been determined and settled adversely to appellee in the case of *Reynolds, Aud.,* v. *Bowen, Admr.,* 138 Ind. 434. The learned counsel for appellee, however, insist that the decision of this court in that case is in conflict with a long line of decisions in this State, and we are respectfully requested to reconsider that decision.

Among the cases cited by counsel for appellee, which they contend are in conflict with *Reynolds, Aud.,* v. *Bowen, Admr., supra,* are the following: *Florer* v. *Sherwood, Aud.,* 128 Ind. 495; *Woll* v. *Thomas, Admr.,* 1 Ind. App. 232. These cases were considered in the Reynolds decision, and it was there said by the court: ''We do not understand that these cases go any further than to hold that under the tax law of 1881 the county auditor, acting under his general authority to assess omitted property, has no right to increase the valuation of property returned by the assessor.''

Some of the other decisions cited and relied upon by appellee state the same rule, while others are those wherein it was held, under former tax laws more narrow in their provisions than the act of 1891, that the auditor was not authorized to assess omitted property except for the current year. Under the questions involved in the Reynolds-Bowen case arising out of a construction of the tax law of 1891, the cases cited and referred to by ap-

pellee are not applicable, and we fail to recognize any existing conflict between these and the former. The decision, therefore, in *Reynolds, Aud.,* v. *Bowen, Admr., supra,* upon further consideration, still meets with the approval of this court.

The complaint in the case at bar, among other things, alleges the death of appellee's decedent on July 24, 1890, at the county of Henry, State of Indiana; "that at the date of his death he was the owner and possessor of, at said county, a large amount of personal goods, chattels and choses in action, all of which, after the death of the decedent, came into the hands of appellee as such executor, and that he still holds the same except such as has been distributed to the legatees and paid out for expenses, etc.; that after the first day of April of the years of 1885, 1886, 1887, 1889 and 1890, said decedent listed and returned his property to the assessor of the township in which he resided; that after his death plaintiff listed and returned for taxation to the proper assessor for taxation all of the personal property coming into his hands; that decedent, while in life, paid all taxes assessed in respect to the property returned by him for taxation as aforesaid; that after decedent's death, on October 2, 1891, one Adolph Rogers, county assessor of Henry county, Indiana, assuming to act as such, illegally and without authority of law, listed and assessed against this plaintiff for taxation the following amounts for the following years, to wit: 1885, $25,000; 1886, $30,000; 1887, $35,000; 1888, $40,-000; 1889, $45,000; 1890, $50,000; that pursuant to said pretended assessment the auditor of said county has extended the same upon the tax duplicate and assessed and charged against this plaintiff thereon, in respect to said property, the sum of $1,421.62 as taxes, and has

placed the same in the hands of defendant, Saint, who is claiming the right to collect the same out of the assets of said estate by levy and sale, etc.

And plaintiff further avers that said pretended listing and assessment by the county assessor is wholly without authority of law, for the reason that there is now no law in force in this State authorizing or empowering said assessor or any other person to assess or list property omitted from taxation, prior to the taking effect of the law of 1891, or to increase or add to the value of property assessed and returned for taxation prior to the taking effect of said law.''

The complaint is not a model pleading, but it is evident, we think, that the pleader, by the theory outlined by the alleged facts, seeks to assail the action of the county assessor in adding omitted property of the decedent for the years mentioned prior to the taking effect of the tax statute of 1891, upon the grounds that the appellee's decedent had during these years returned all property owned and held by him subject to taxation, and for the further reason that there was no warrant or authority for such action by the county assessor under the act of 1891. This complaint was by the trial court adjudged to be sufficient to entitle appellee to injunctive relief, as therein demanded. The tax law of 1881 was in force during the years in which the decedent is claimed to have omitted the property in question. Section 6280, R. S. 1881, being section 11 of the act of 1881, required the taxpayer to list and return for taxation all personal property owned and held by him on the first day of April in each year. This duty the complaint does not allege that appellee's decedent discharged. It avers only: ''That after the first day of April of the year of 1885, and the other years mentioned, he listed and returned his property for taxation to the proper as-

sessor. It is not made to appear by this averment, directly or inferentially, that the decedent listed and returned each year in question all the property owned and held by him on the first day of April thereof. This was a material fact, and the rules of pleading required that it should be directly and positively averred. The absence of this essential fact rendered the complaint, in this respect at least, deficient. Section 113 of the tax law of 1891, being section 8531, R. S. 1894, among other things, provides:

"It shall be the duty of the county assessor, at any time during the year, to list and assess * * * any omitted property that he may discover and which should be assessed."

It further provides as follows:

"The county assessor is also given all the powers hereinafter given to county auditors and treasurers as to the assessments of omitted property, * * * and all provisions of sections 142 and 182 of this act, as to notice or otherwise, so far as applicable, shall apply to such assessments by the county assessor, as the same were made by the county auditor or county treasurer."

Section 142, being section 8560, R. S. 1894, grants to the county auditor full power upon notice to the taxpayer to add property omitted for any year or number of years, to the tax duplicate, with the proper valuation thereon, and to charge such property and the owner thereof with the taxes thereon.

Section 8600, R. S. 1894, being section 182 of the tax act of 1891, gives certain enumerated powers to the county treasurer relative to omitted property.

One of the leading objects of the tax statute of 1891 was to make such provisions, so far as could legitimately and practicably be done, as would in the end prevent the owners or holders of property liable to taxation from es-

caping the burden thereof, in whole or in part. Hence it invested the boards of review, county assessors, auditors and treasurers with powers ample to carry the object into effect. The powers granted to the auditor by section 142, *supra*, relative to the adding of omitted property, are not limited alone to that officer, but are, in like manner, by section 5831, *supra*, extended to the county assessor, as are also those given to the county treasurer by section 182.

It is conclusive, we think, that the county assessor has the authority and right, by section 113, *supra*, to exercise the powers granted to the auditor in regard to omitted property, and to file in the auditor's office a statement of the facts, or evidence, upon which he made the correction of the tax duplicate. It follows, from the concluion reached, that the county assessor, being vested with this power, in like manner as the auditor, under the interpretation of the acts of 1881 and 1891, by this court, in *Reynolds, Aud., v. Bowen, Admr., supra,* was authorized to so exercise it as to reach property omitted by the decedent during the years in controversy, although prior to the taking effect of the act of 1891, under which he operated.

In addition to what this court said in the Reynolds-Bowen case, we may here say that the right of the State to the taxes in question upon the property omitted by the decedent, prior to the act of 1891, is not created by this last law, but arises under that of 1881. No such conclusion can be placed upon the statute of 1891 as would authorize a court in holding that the Legislature, by any of its provisions, intended to affect the primary right of the State to recover these taxes, accrued to it under the former law, for the years mentioned. The tax law of 1891 simply granted to the State as a remedy, or, in other words, provided certain means as a procedure to

enforce a right which existed in its favor under a former statute, namely, that of recovering the taxes to which it was entitled by the act of 1881, and which right the law of 1891 did not abrogate. It impaired no vested rights of the taxpayer, and the recovery of the taxes involved in the case at bar was a fair subject for the application of retrospective legislation. *Gager, Treas.,* v. *Prout,* 48 Ohio St. 89, 26 N. E. Rep. 1013, and cases there cited.

It follows, therefore, that appellee's action can not be sustained upon the theory that the act of the assessor of Henry county was without warrant or authority of law; and the complaint for this reason was also insufficient, and the court erred in overruling the demurrer thereto.

Appellant complains of the court's action in sustaining a demurrer to the second paragraph of his answer. The first was a denial, and the second set up certain facts going to establish that the decedent Welsh had omitted to list and return for taxation all of the property owned and held by him on the 1st day of April, in each of the aforesaid mentioned years, and it thereby sought to sustain the act of the county assessor, relative to the listing of the alleged omitted property. As our holding herein is to the effect that this officer was authorized under and by the act of 1891, to cause to be added to the duplicate for taxation property omitted by a taxpayer during the years that the act of 1881 was in force, consequently if he exercised that power in accordance with the provisions of the statute of 1891 it would be necessary for the party who assailed his action or decision in a suit like this, in order to succeed in overthrowing the same and securing the relief demanded, to establish that the property added to the duplicate by the county assessor had been in fact listed and returned by the tax-lister for the year or years in controversy, and that the taxes there-

on had been paid or tendered before the commencement of the action.

In the case at bar, conceding the sufficiency of the complaint in this respect, the *onus probandi* was upon the appellee to establish these facts, upon the trials, as well as to have alleged them in his complaint; hence, as the facts averred in this second paragraph tended to at least rebut or negative any evidence that appellee might introduce germane to the matters in issue, they were admissible under the general denial, which still remained in the answer, and therefore the decision of the court in sustaining the demurrer was harmless.

It is also insisted by counsel for appellant that the evidence is not sufficient to warrant the judgment of the trial court. While upon the other side, in respect to this question, the learned counsel for appellee contend that the weight of the evidence was a matter for the determination of the trial court, and that under the long established rule of this court we ought not to review the lower court's decision upon that point. It is true that when the evidence simply presents for our consideration the question upon which side lies the preponderance thereof we will not determine this controversy. But when upon the examination of all the evidence in the record the question arises: is it sufficient, upon all material points involved, to sustain the judgment, or under the evidence is the judgment contrary to law?—then, and in that event, this court will, upon an appeal, interpose and adjudicate these questions.

As the judgment below must be reversed by reason of the error in overruling the demurrer to the complaint, we might properly dismiss, without consideration, appellant's contention as to the insufficiency of the evidence, but as this action involves the settlement of an estate, and the collection of public revenue, and possibly no

additional evidence will be available on another trial, we therefore yield to appellant's request and review this question, as it is now presented by the record.   All the evidence in the case was introduced upon the part of the appellee, except what appellant drew out upon cross-examination.   It, in the main, substantially shows these facts:   That Joseph Welsh, appellee's decedent, died at Henry county, Indiana, July 24, 1890.   That he was over the age of 79 years, and had resided in Henry county, Indiana, for years prior to his death, and was, and had been engaged almost solely in the business of loaning his money at eight per cent. interest.   In the year 1885 he listed for taxation under the head (in his tax schedule returned to the township assessor) of "all money loaned, either on time or call," $38,000; for the year of 1886, $38,500; for 1887, $38,000; for 1888, $42,000; for 1889, $43,000, and for the year 1890, $43,000. After the death of Joseph Welsh, appellee, as his executor, made out and filed an inventory and appraisement of his property, showing that the testator had at the date of his death notes on various persons for money loaned by him, amounting in all to $118,451.24.   Some of these notes were secured by mortgage on real estate, some by personal security, while others were unsecured, and all appear to bear interest at eight per cent., and these various loans extended back and had been running for several years.

It appears from appellee's own statements that in October, 1890, he distributed in round numbers $60,000 to the legatees under the will, and after said distribution, as of April 1, 1891, he returned of the remainder in his hands for taxation for that year $41,000; this was increased $10,000, and appellee paid the taxes on that additional assessment.   Deducting all of the notes that the appellee claimed could not be collected in whole or

in part, and taking the cash value as fixed by him on the remainder, it would still be evident that the residue of the notes were of the value of $98,000, and the conclusion is irresistible, we think, that this at least must have been the fair cash value of those held by the testator April 1, 1890, for money loaned. The amount returned for this year, as shown by his tax list, was $43,-000; he therefore evidently omitted for this year at least $55,000 of his money on loan. It appears that the county assessor in his investigation examined the tax lists of Welsh, returned for each year under consideration, and likewise the inventory of notes filed in court by the executor, and also the sworn statement of the appellee who had been examined before him, touching the matter under investigation. Upon these facts and data the county assessor based his finding and decision, which resulted in adding to the tax duplicate for taxation the amounts in controversy, and upon these, so added, the assessment was based. The finding and statement of the evidence, as prepared and filed by the assessor with the auditor, was introduced on the trial by the appellee, together with the tax lists and the inventory. Taking all of the facts and data before the assessor in his investigation, and considering the interest accruing from year to year, it was a matter of arithmetic, to some extent, to ascertain the amount of money on loan, that had been omitted for each of these years, and made, at least, a *prima facie* case in the absence of anything to the contrary, and one which fully justified the assessor in making the additions in controversy. Upon an examination of all of the evidence, we are unable to find anything that tends to show that the amounts of money in controversy were listed and returned for taxátion by the decedent, or that they come under any exemption, or that the act of the assessor was illegal.

There appears to us to be a clear lack of evidence to sustain appellee's action upon the material points in issue, and we must, therefore, adjudge the same insufficient to warrant the judgment. Where one assails the action or proceedings of a county assessor had in pursuance of the law of 1891, as was done in the case at bar, by an action seeking injunctive relief, in order to succeed he must establish that either the act or proceedings of such officer were void for a failure to comply with some material provision of the statute which operated to the prejudice of the taxpayer complaining, or that the property, money or means in question subject to taxation had been duly listed and returned therefor. Counsel for appellee in their brief say: "The testator or executor can not be presumed to possess knowledge of the details of his business or estate covering a period of years." This, however, can not avail him in this action. When notified and challenged by the proper revenue officer to appear before him, and show cause, if any he had, why the property claimed to have been omitted by his decedent should not be listed and placed upon the duplicate for taxation, he, under the law, stood in the shoes of his decedent, and the *onus* was cast upon him to show that the claim asserted by the assessor was groundless. Appellee's counsel further contend that the tax lists of Welsh introduced in evidence ought to be accepted as sufficiently establishing that the lister had returned all of his money on loan for each of the years in question.

In this action these lists, either in favor of or against the assessed, were only competent to be considered for the purpose of showing that "money on loan" to the amount therein stated had been listed and returned for that year. They could not be introduced and considered as evidence establishing the disputed fact that the amount

of "money on loan," as therein mentioned, was all that the lister was liable or required under the law to return for taxation.

The case of *Painter* v. *Hall,* 75 Ind. 208, cited by appellee to the effect that in certain respects a tax list is competent as tending to prove the amount of property owned by the assessed, has no application as an authority, under the issues in the case at bar. The judgment is reversed, and the cause remanded to the lower court with instructions to grant a new trial and sustain the demurrer to the complaint, and to proceed in accordance with this opinion. All concur.

Filed May 28, 1895.