## THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY v. SIMS.

[No. 3,602.   Filed April 1, 1902.]

CARRIERS. — *Injury to Passenger.* — *Evidence.* — *Sufficiency.* — Plaintiff brought suit against a railroad company for personal injuries caused by the alleged negligence of defendant in maintaining a mail-crane so near the track that plaintiff was injured while a passenger upon one of defendant's passenger trains. Plaintiff testified that while sitting by an open window something hit him on the hand and injured him.   One witness saw a mail-crane, and one witness, after the train stopped at the next station, saw a mark on the outside of the car near where plaintiff was sitting.   Another witness testified that plaintiff had his elbow on the window sill of the car with his arm out of the window, and seemed to be waving his hand at the time he was injured.   It was shown by other testimony that a man thrust his arm out at the window and grabbed or struck at the mail-sack hanging upon the crane, causing the mail-sack to fall to the ground; that the crane was where it had been for a number of years, and that there was a space between the mail-sack and the car of over a foot. *Held,* that the evidence was insufficient to support a verdict for plaintiff.

From Clark Circuit Court; *J. K. Marsh*, Judge.

Action by William Sims against the Baltimore and Ohio Southwestern Railway Company for injuries received while a passenger.   From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. L. Jewett, H. E. Jewett* and *R. E. Hamill*, for appellant.

COMSTOCK, C. J.—Appellee brought suit against the appellant to recover damages for personal injuries alleged to have been sustained by him while a passenger upon one of appellant's railway trains on an excursion from Jeffersonville, Indiana, to Cincinnati, Ohio.   The issue was formed upon the complaint and an answer of general denial.   In his complaint appellee alleged that he purchased a ticket entitling him to be carried from Jeffersonville to Cincinnati,

and took passage on one of appellant's passenger trains; that while traveling to Cincinnati he was injured in the following manner: He was sitting by an open window of the car with his right hand and arm resting upon the window-sill, and at some station between North Vernon and Lawrenceburg, at or near the town of Butlerville, Indiana, a structure or contrivance outside the car window came in contact with and struck his right hand, injuring the same. The negligence charged against the appellant was that it carelessly and negligently permitted a contrivance for catching mail-bags, known as a "mail-crane", constructed of wood and iron, and used by appellant in its business, to be constructed so near appellant's railway track that it was dangerous and liable to swing at and against the cars passing upon the track, and that appellee's injury resulted therefrom. The cause was tried by jury, and resulted in a verdict and judgment for the appellee. The only error assigned is that the court erred in overruling appellant's motion for a new trial. Appellant relies for a reversal of the judgment upon the insufficiency of the evidence to sustain the verdict.

The evidence introduced by the appellee in support of his complaint disclosed the following facts: On the 5th day of September, 1898, an excursion was run from Jeffersonville, Indiana, to Cincinnati, Ohio, by the appellant. The appellee, with his neighbors, formed a party large enough to occupy all the space in one of the passenger coaches. Appellee rode on the right hand side of the passenger coach by an open window, with his arm on the window-sill. As the train passed Dillsboro station the appellee's hand came in contact with something outside the car and he was injured. The evidence introduced by appellee failed to explain the manner or cause of the injury at all. He merely testified that he was injured, and to what extent, and, aside from this, all he knew about it was that while sitting in the car next to an open window something hit him on the hand, but he

did not know what it was; that while his arm was lying on the window-sill something struck him on the hand and pulled his right hand out of the window and left his arm hanging down; that it broke his finger and hurt his hand.

Four other witnesses testified for the appellee. Two of these sat in a seat directly in front of him at the time of his injury, and two sat in the seat directly behind him. One of the witnesses who sat in the seat in front of appellee and next to the aisle saw nothing happen, and did not know appellee was hurt until appellee called his attention to the fact that he had received an injury. Another man in the seat in front of appellee and next to the window heard the whistle blow for the station, and thrust his head out of the window to see why the whistle was being blown. While his head was out of the window he noticed a mail-crane in front, pulled his head in and escaped injury. He did not know that appellee was hurt until four or five minutes afterwards when he saw something was the matter with appellee; that his arm was hanging out of the window and bleeding, whereupon he pulled appellee's arm in and wrapped a handkerchief about it. After the train had proceeded to Lawrenceburg station, and then stopped, this witness went out and saw a mark on the outside of the car about four or five windows from where the appellee was sitting at the time he was injured. The third witness sat in the seat immediately behind the appellee and next to the aisle. He saw the train pass the mail-crane, saw the appellee pull himself back, and, that his hand was cut. The fourth witness testified that he sat immediately behind the appellee; that appellee had his elbow on the window-sill of the car; that all his arm below the elbow was outside the window, and that the plaintiff seemed to be waving his hand at the time his hand was struck and injured. No evidence whatever was introduced by appellee as to the distance of the mail-crane from the track or the time it had been there. Appel-

lee did not prove what caused the injury, or connect the mail-crane with such injury.

The testimony of the conductor of the train showed that the injury was received at Dillsboro station, while Walter Leasure and Thomas Croxton, two persons in no way connected with the appellant, testified that as the excursion train passed Dillsboro station a man thrust his arm out of one of the windows and either struck or grabbed at the mail-sack hanging on the crane, causing the mail-sack to fall to the ground. The mail-sack had been hung up to be taken by a train which was to pass the station shortly after the excursion train on which the appellee was riding. It was further shown by the uncontradicted testimony of several witnesses for appellant that the mail-crane was in the same position it had occupied for seventeen and one-half years; that the post of the mail-crane was over five feet from the nearest railroad rail, and that when a mail-sack was hung on the crane there was a space between the mail-sack and the side of the passenger cars of over a foot.

The complaint averred that "The defendant carelessly and negligently permitted a certain structure and contrivance, the nature and name and character of which is to the plaintiff unknown, but to the best of his knowledge and belief a contrivance used for catching mail-bags, and commonly known as a 'mail-crane,' or catcher, and constructed of wood and iron, to be placed and maintained near the track upon which said passenger train and car was running. Plaintiff says that the said contrivance and structure was located upon defendant's right of way, and used by it in its business, and that it was so near the track that when used it became and was dangerous and liable to swing at and toward and against the cars passing upon the said track; and the plaintiff says that defendant negligently retained and maintained the same at said place in said dangerous and unsafe condition".

Appellee offered no evidence to support these material allegations. When there is no evidence to support a fact essential to the verdict, the judgment on such verdict will be reversed. *Deal* v. *State*, 140 Ind. 354; *Saint* v. *Welsh*, 141 Ind. 382.

Appellant's uncontradicted evidence shows that in its operation neither the mail-crane nor the bag hanging upon it could at any time come nearer than one foot to a passenger railway coach. The evidence shows that there was no negligence on the part of the appellant in the operation of its train, nor in its equipment or appliances, nor in the construction or maintenance of its track or road-bed. It does not appear that appellee's injury was due to any failure upon the part of appellant to discharge any duty toward one of its passengers. If appellee was injured by the contact of his hand with the mail-crane, the physical facts show that such injury resulted from his thrusting his hand at least a foot outside and beyond the side of the car in which he was injured. The verdict is not sustained by sufficient evidence. The sufficiency of the evidence upon appeal is for the Appellate Court. *Lake Erie, etc., R. Co.* v. *Stick*, 143, Ind. 449.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.