Ash and Others *v.* Daggy.                     6   259
                                              141  168

An application for a specific performance is addressed to the sound discretion of the Court.

Such discretion is not the individual discretion of the judge, but that judicial discretion which conforms itself to general rules and settled principles.

Even where the contract sought to be enforced is in writing, a decree for a specific performance is not a matter of course, but rests in the sound discretion of the Court, in view of all the circumstances.

Generally, it may be stated, that Courts of equity will decree a specific performance when the contract is in writing, is certain, is fair in all its parts, is for an adequate consideration, and is capable of being performed; but not otherwise.

Bill for a specific performance of a contract for the sale of land. The facts were as follows: *A.*, in *February*, 1847, agreed verbally with *B.* to sell to him twenty-nine acres of land, for 700 dollars, to be paid for when *B.* sold his pork. There was no part payment of the purchase-money. There was no evidence of any delivery of possession by *A.* further than this. When applied to for that purpose, he declined doing so, assigning as a reason that the land was under lease, until the next *March*, &c. *B.*, in said month of *March*, took possession; whether with or without *A.'s* consent did not appear, further than that when *A.*, in the spring of 1847, was applied to for the purpose of renting the land as pasture, he replied that he had sold it to *B.*, to whom application should be made. In *October*, 1847, *A.* and wife acknowledged a deed for said land in which *B.* was named as the grantee, and which *A.* remarked to the magistrate who took the acknowledgment, was intended for *B.* The magistrate had drawn the deed some time before by *A.'s* express directions, but what afterwards became of it did not appear. The bill averred a sale by *B.* of his hogs and a tender of the purchase-money in *November*, 1847; and a continued readiness to pay thereafter; and also a tender of the money and interest in Court; also that *B.* had made valuable improvements. *A.* pleaded the statute of frauds, accompanied by

May Term,
1855.

ASH
v.
DAGGY.

an answer, without oath, denying the delivery of possession, the improvements, &c. The improvements made by *B.* consisted chiefly of clearing done, which were about compensated by the sale of cord-wood taken from the land. *Held,* that *B.,* under the circumstances, was not entitled to a specific performance.

*Thursday,*
*May* 31.

ERROR to the *Putnam* Circuit Court.

STUART, J.—Bill in chancery to enforce a specific performance of a parol contract for the sale of land.

*Ash* agreed verbally with *Daggy* to sell him twenty-nine acres of land for 700 dollars, to be paid for when the latter sold his pork.

The parol contract was made *February* 1, 1847. There was no part payment of the purchase-money. It does not appear that *Ash* ever delivered possession. When applied to for that purpose, he declined doing so, assigning as a reason that it was under lease until the middle of *March* following. *Daggy* took possession in *March,* 1847; whether with or without the consent of *Ash* does not appear, further than this, that when *Ash* was applied to in the spring of that year for the purpose of renting the land as pasture, he replied that he had sold to *Daggy;* that the application should be made to him. It further appears that in *October,* 1847, *Ash* and wife acknowledged a deed for the land in controversy, in which *Daggy* was named as the grantee, and which *Ash* remarked to the magistrate who took the acknowledgment, was intended for the complainant. The same officer had drawn the deed some time before, by the express directions of *Ash,* but what afterwards became of it does not appear.

The complainant avers the sale of his hogs and the tender of the money in *November,* 1847; and a continued readiness to pay ever since; also a tender of the money and interest in Court. He also alleges that he has made valuable improvements. *Daggy* prays a specific performance, and that the defendant answer without oath.

*Ash* pleaded the statute of frauds, accompanied by answer denying the delivery of possession, the improvements, &c.

On the question of possession, nothing material is dis-

closed, beyond what is above stated. The improvements seem to have been chiefly clearing, which the evidence shows to have been pretty equally balanced by the sale of cord-wood taken from the land. Its proximity to *Green-castle* and to the railroad, seem to have suddenly enhanced its value, and hence the change of mind on the part of *Ash.*

On the plea of the statute of frauds interposed by the vendor, the determination of the case must depend.

It is admitted by both parties, that an application for a specific performance is addressed to the sound discretion of the Court. 2 Blackf. 273. It is not the individual discretion of the judge, but that judicial discretion which conforms itself to general rules and settled principles. 2 Story Eq. Jurisp. 46. Even when the contract sought to be enforced is in writing, a decree for a specific performance is not a matter of course, but rests in the sound discretion of the Court, in view of all the circumstances. *Seymour* v. *Delancey*, 6 Johns. Ch. R. 222.—*St. John* v. *Bene-dict, id.* 111. " Generally, it may be stated, that Courts of Equity will decree a specific performance when the contract is in *writing*, is *certain*, is fair in all its parts, is for an adequate consideration, and is capable of being performed; but not otherwise." 2 Story Eq. Jurisp. 53.

In the case at bar, the contract is not in writing; it is uncertain as to the date of the payment; and there is no substantial part performance, nothing paid. Where, as in this case, the parol agreement is admitted by the answer, yet the statute is pleaded in bar, the defence must prevail. Such are all the later authorities. 2 Story 59, and cases cited, note 1.

We are of opinion that *Daggy* was not, under the circumstances, entitled to a specific performance.

Gookins, J., having been concerned as counsel, was absent.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the bill.

*S. B. Gookins,* for the plaintiffs.

*D. McDonald* and *J. Cowgill,* for the defendant.