## BRUNSON, ADMINISTRATOR, *v.* STARBUCK.

[No. 4,754.   Filed February 19, 1904.]

TAXATION.—*Decedents' Estates.—Executors and Administrators.—County Treasurer.—*A petition by the county treasurer to the circuit court stating that taxes are due from a decedent's estate, and unpaid, need not state how the assessments came on the tax duplicate. *p. 458.*

SAME.—*Decedents' Estates.—Executors and Administrators.—County Treasurer.—Defect in Petition Cured by Finding.—*Where a petition by a county treasurer to the circuit court asking that the administrator of a decedent's estate be required to pay taxes due from his decedent does not wholly omit the averment of any fact required by the statute, the special finding may correct the error if any in the petition. *p. 458.*

SAME.—*Omitted Property.—Description.—*In an assessment made by the county assessor of personal property and placed upon the tax duplicate of the county auditor as omitted property, the property assessed is sufficently described as "personal property." *pp. 462, 463.*

SAME. — *Omitted Property. — Decedents' Estates.* — *Burden of Proof.* — Where an administrator was called upon by petition to show cause why omitted taxes assessed against his decedent should not be paid, the burden was upon the administrator to show the tax to be invalid. *pp. 463–465.*

From Jay Circuit Court; *C. J. Lutz,* Special Judge.

Proceeding by Eugene Starbuck, treasurer of Jay county, against Albert Brunson, administrator of the estate of Aaron W. Letts, Sr., deceased. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*O. A. Adair, J. F. LaFollette, J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake, L. G. Rothschild, Merrill Moores* and *F. B. Jaqua,* for appellee.

ROBINSON, J.—The predecessor of appellee, as treasurer of Jay county, filed in the circuit court his petition under

§8587 Burns 1901, which provides that it shall be the duty of every administrator having the property of any decedent in charge to pay the taxes due upon the property of such decedent, and upon his failure to do so, when there is money enough on hand to pay the same, the county treasurer shall present to the circuit court, or other proper court of the county, a brief statement, in writing, "setting forth the fact and amount of such delinquency," and the court shall at once issue an order, directed to such delinquent, commanding him to show cause within five days thereafter why such taxes and penalty and costs should not be paid. The petition recites that the petitioner is county treasurer; that the tax duplicates in his hands show delinquent taxes, penalty, and costs assessed against the property of appellant's decedent aggregating $4,416.91, which amount was due and unpaid; that appellant, administrator of the decedent, had in his hands as such administrator, $4,527, and that appellee had demanded payment of such taxes, penalty, and costs of the administrator, which payment had been refused.

We do not agree with counsel for appellant that the petition should state the facts showing how the assessments came on the duplicate. The petition clearly shows "the fact and amount of the delinquency," and this is all the statute, by its terms, requires. The language used in the statute manifestly means the fact of the delinquency and the amount of the delinquency. With this construction of the language used, the petition follows the statute, and was good against a demurrer. Moreover, as the complaint does not wholly omit the averment of any fact required by the statute, the special finding, it has often been held, would correct the error, if any, in the overruling of the demurrer.

The court found substantially the following facts: Aaron W. Letts, Sr., died intestate in August, 1902, having been a resident taxpayer of Jackson township, Jay county, for about thirty years. Before the commencement

of this action the treasurer of Jay county demanded of appellant, as administrator of the estate of Letts, the payment of delinquent taxes in the sum of $4,416.91, which the administrator refused to pay. At the time of the filing of the petition herein, and since that time, the administrator had on deposit in bank, subject to his order, funds belonging to the estate in the sum of $4,500. During the years 1889 to 1898, inclusive, Letts was the owner and in possession of personal property, consisting of cash on hands, money loaned, mortgages, and oil storage receipts, largely in excess of the amounts returned by him for taxation, which amount in each of the above years he withheld from the assessing officer, and failed to return the same for taxation, but omitted the same from his schedule, whereby such property so owned by him in excess of the amount so returned by him, escaped taxation during each of these years; that on the 10th day of January, 1899, and again on the 19th day of January, 1899, the county assessor, having discovered and received credible information and having reason to believe that the personal property of Letts had not been assessed for the years 1889 to 1898, inclusive, and that there had been an omission from the assessment books and tax duplicates for each of these years of personal property owned by him, gave Letts notice in writing for him to appear within ten days and show cause why he should not be assessed, and why omitted property should not be added to the duplicate; that on each of the dates specified Letts appeared before the county assessor, but in each instance refused to give any information whatever concerning omitted property mentioned in these notices, and from information otherwise obtained the county assessor then made out and filed with the county auditor his written finding and order, in which he directed the auditor to place upon the proper tax duplicate of Jay county, the sum of $20,000 for each of the years 1889 to 1898, inclusive, all as omitted property (the property omitted for

these years being crude oil, oil-well supplies and fixtures, pipes, tools, and machinery of different kinds used in and about the drilling and operation of oil-wells, bonds, notes, notes secured by mortgage, accounts, building and loan stock, and other accounts due Letts, money on hand and on deposit, money loaned, interest due, judgments and allowances in his favor, tax certificates, certificates of sheriff's sales, shares of stock in corporations, and goods and merchandise on hands). In this finding. and order to the auditor the county assessor stated the fact that Letts had been summoned before him on two occasions, at which times Letts refused to disclose any omitted property, or to give any information concerning the same; also stating certain efforts he had made to secure information, and that, from reliable information communicated to him, the assessor believed that the amount of omitted property was at least $20,000 more than had been returned for taxation for the years mentioned. This written instruction to the auditor was filed in the auditor's office, and constituted all the evidence and instruction upon which the auditor placed $20,000 for each of the years 1889 to 1898, inclusive, on the tax duplicate; that the instructions were not recorded in any book in the auditor's office, and no record was made of the same in the auditor's office, except that the tax duplicates were corrected by the auditor, who entered the same upon the duplicate in the hands of the treasurer. The court further found "that as to said sums, and each of them, the court finds that the same was so owned by said Aaron W. Letts, Sr., on the 1st day of April of each year therein named, and that the same had been omitted from taxation by reason of said Aaron W. Letts, Sr., failing to make correct and true assessment lists during each of said years, and upon the filing of the notice and report with the auditor, as such auditor, without any other evidence being heard or offered before him, he assessed said amounts during said several years, respectively, as omitted property

which had unjustly escaped taxation, and thereupon the auditor corrected the proper tax duplicate, and entered the same upon such duplicate in his office, and also upon the duplicate then in the hands of the county treasurer, being the duplicate of 1898, and added said omitted property to such duplicate, and said auditor did thereupon file said report and order of the county assessor in his office, which was all the evidence upon which such correction was made by said auditor;" that the taxes due and owing by Letts upon the omitted property held by him during the years 1889 to 1898, inclusive, so charged upon the tax duplicate by the auditor, amounted to $3,486, but, without interest and penalty, the several amounts for the several years are, and each of them have been, due and owing from the time when the taxes for each of these years were due and payable; that the taxes have been carried forward by the auditor on each successive duplicate from 1899, and no part of the same has ever been paid; that each and all of the tax duplicates, upon which were placed such tax assessments, were put into the hands of the county treasurer for the purpose of collection. On the 13th day of July, 1899, the county board of review raised the assessment of Letts' personal property for the year 1899 from $7,850 to $35,000, and in obedience to this order the auditor placed $27,150 on the tax duplicate for the year 1900 as a raise of the assessment for the year 1899, that the taxes on this amounted to $371.95, which sum is included in the amount demanded of the administrator by the treasurer. This order of the board was entered of record in the proper record used by it for the making of such entires. In making the assessments of the omitted property, and in ascertaining the amount thereof, and in correcting the tax duplicate, and in placing the omitted property and taxes thereon, the county treasurer, auditor, the petitioner herein, and the board of review, each and all acted in good faith; and the findings, orders, and proceedings of the

assessor, auditor, and board of review were made and had in good faith, and without any fraud.

The court stated as conclusions of law that the administrator should be ordered to pay out of assets in his hands $3,486, taxes assessed on omitted property, $371.95, tax assessed by the board of review, and $558,96, penalty and interest,—in all $4,416.91.

It is first argued by appellant's counsel that an assessment made by the county assessor, and placed upon the tax duplicate by the county auditor, attempting to make an assessment against property as omitted property, is invalid, where the property sought to be assessed is not described.

Section 8560 Burns 1901 provides for the assessing of omitted property by the county auditor; and §8531 Burns 1901 makes it also the duty of the county assessor to assess omitted property. Section 8454 Burns 1901 provides that "in entering personal property upon the proper tax books for the purpose of taxation, it shall be a sufficient description of the same to use the words 'personal property,' and such phrase shall comprehend and embrace all species of personal property belonging to the party charged therewith, on the tax books, and no more specific description or designation thereof shall be necessary."

The finding shows that during the years in question the decedent was the owner of personal property largely in excess of the amount returned by him for taxation, and which he had failed to return for taxation, and states the kind of property, amounting to $20,000, which was placed upon the tax duplicate as omitted property, and that the sums placed on the duplicate were owned by the decedent at the times named, and had been omitted from taxation by reason of the decedent having failed to make true and correct assessment lists, and that the assessment made by the auditor for each of the years 1889 to 1898, inclusive, was on omitted personal property. The findings also show that the assessment was entered upon the duplicate for the year

1889: "Letts, Aaron W., Sr., omitted personal property, for the year 1889, $20,000," etc., and that the entry for each subsequent year up to and including 1898 was the same. See *Reynolds* v. *Bowen,* 138 Ind. 434.

Section 8411 Burns 1901 designates what the term "personal property," for the purpose of taxation, shall include, and §8454, *supra,* expressly provides that in entering personal property upon the tax books for taxation it shall be sufficient to use the words "personal property." The statute (§8560) giving the auditor power to assess omitted property also provides, "to enable him to do which he is invested with all the powers of assessors under this act."

In this proceeding by the treasurer, he acts from the duplicate placed in his hands by the auditor who made the assessment. Section 8642 Burns 1901 provides that no general tax, assessed by an officer authorized to make assessments, "or which if made by another person or may be adopted by such officer as his act shall be held to be illegal or invalid for want of any matter of form in any proceeding not affecting the merits of the case, and which shall not prejudice the rights of the party assessed. And all taxes assessed upon any property in this State, shall be presumed to be legally assessed until the contrary is affirmatively shown * * *." Under this provision, the assessment made by the auditor must stand, if not overthrown by a preponderance of evidence. See *Gallup* v. *Schmidt,* 154 Ind. 196, 183 U. S. 300, 22 Sup. Ct. 162, 46 L. Ed. 207; *Saint* v. *Welsh,* 141 Ind. 382.

It is further argued that the assessment placed on the duplicate by the auditor by order of the board of review is illegal, because the findings do not show any notice was given. Under §8532 Burns 1901 the board of review has power to add omitted property to an assessment. *International Bldg., etc., Assn.* v. *Board, etc.,* 30 Ind. App. 12; *Graham* v. *Russell,* 152 Ind. 186. This assessment made by the board was for the year 1899. What is said in

argument about the action of the board in assessing omitted property for the years 1894, 1895, 1896, 1897, and 1898 need not be further noticed, as these taxes were not placed on the duplicate by the auditor. It is the rule that where a court of general jurisdiction has jurisdiction of the subject-matter, it will be presumed, in the absence of an affirmative showing to the contrary, that jurisdiction of the person was acquired, where the person sought to be concluded was a party to the adjudication. *Davis* v. *Taylor,* 140 Ind. 439, and cases cited. And when the jurisdiction of an inferior court is once established, then all presumptions in favor of its proceedings apply as well as to courts of general jurisdiction. But "the proposition," said the court in *Board, etc.,* v. *Markle,* 46 Ind. 96, "that 'the rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which especially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged' (*Peacock* v. *Bell,* 1 Saund. 73), is recognized by all the authorities as correct."

In *Saint* v. *Welsh,* 141 Ind. 382, suit was brought by an executor to enjoin the collection of taxes assessed on omitted property added to the duplicate by the county assessor. In that case the court, by Jordan, J., said: "Where one assails the action or proceedings of a county assessor had in pursuance of the law of 1891, as was done in the case at bar, by an action seeking injunctive relief, in order to succeed he must establish that either the act or proceedings of such officer were void for a failure to comply with some material provision of the statute which operated to the prejudice of the taxpayer complaining, or that the property, money or means in question subject to taxation had been duly listed and returned therefor." See *Adams* v. *Davis,* 109 Ind. 10; *Smith* v. *Rude Bros. Mfg. Co.,* 131 Ind. 150; *Reynolds* v. *Bowen, supra; Gallup* v. *Schmidt, supra; Buck* v. *Miller,* 147 Ind. 586, 37 L. R. A. 384, 62

Am. St. 436; *Midland R. Co.* v. *State, ex rel.,* 11 Ind.
App. 433; §8642 Burns 1901.

When the appellant was called upon by petition to show
cause why the taxes should not be paid, he filed an answer
in three paragraphs. He was required to overcome the
presumption that the taxes assessed were legally assessed.
The burden upon him to aver and prove facts showing the
tax to be invalid, in a suit by him to enjoin the collection of
these taxes, would not have been different from the burden
resting upon him in this proceeding. If he claimed that
the assessment by the board of review was invalid because
no notice was given, it was incumbent upon him to allege
and prove the fact. This was not done. To sustain the pe-
titioner it was not necessary that the finding should show
that notice was given; but to sustain appellant it was nec-
essary that the finding should show that notice was not
given. *Gallup* v. *Schmidt, supra; Buck* v. *Miller, supra.*

The findings state that in placing the omitted property
on the tax duplicate the officers acted in good faith and
without any fraud. As the burden was upon appellant to
show that the claim asserted by the officers was groundless,
we can not say that the findings are not sustained by the
evidence. *Saint* v. *Welsh, supra; Gallup* v. *Schmidt,
supra.*

It is further argued that the finding of facts does not
sufficiently describe the omitted property sought to be
taxed. It is found that during the years in question the
decedent "was the owner of and in possession of personal
property consisting of cash on hands, money loaned, mort-
gages, oil storage receipts, largely in excess of the amounts
so returned by him for taxation," which amount was with-
held from the officers, omitted from the schedule, and es-
caped taxation. The court also found the amount of
"omitted personal property" for each of the years named,
and the amount of taxes due and owing thereon. Under

the rulings in the cases above cited and under the statute, we think the omitted property was sufficiently described. *Reynolds* v. *Bowen, supra; Gallup* v. *Schmidt, supra;* §§8411, 8454 Burns 1901.

Judgment affirmed.