## FELL ET AL. *v.* WEST, TREASURER.

[No. 5,438. Filed March 9, 1905.]

1. TAXATION.—*Assessment.*—*Presumption.*—It will be presumed that taxes were legally assessed. p. 28.

2. SAME.—*Assessment.*—*Levy.*—*Validity.*—*Burden of Proof.*—The burden of proof is upon the plaintiff to show that taxes were illegally levied and assessed upon his property. p. 28.

3. SAME.—*Assessment.*—*Value.*—*Injunction.*—Property must be assessed at its fair cash value, and the complaint for injunction must show and the plaintiff must prove that the assessment was more than the fair cash value. p. 28.

4. SAME.—*Assessment.*—*Injustice.*—Where property is assessed for more than its true cash value, or more than other property of equal value, such assessment is unjust. p. 28.

5. TRIAL.—*Special Finding.*—*Notice.*—A special finding that the record of the board of review is silent as to notice to a person whose assessment was raised, is not a finding that such person was not notified. p. 29.

6. TAXATION.—*Assessment.*—*Wrong Name.*—Where property is assessed in the wrong name, such assessment is not invalid. p. 29.

7. SAME.—*Statutes.*—*Construction.*—Statutes relating to the assessment and collection of taxes are liberally construed, but tax sales are strictly construed, the purchaser being given a lien in case of failure of title. p. 29.

8. TAXATION.—*Discharge of Taxes.*—Nothing but payment will discharge taxes. p. 29.
9. SAME.—*Board of Review.*—*Whether Judicial Tribunal.*—The board of review is not a judicial tribunal, and it is not necessary for such board to give notice of every step taken where a general notice of the time and place of its sessions is given as provided by law, the laws for the assessment being liberally construed. p. 30.
10. SAME.—*Board of Review.*—*Record.*—*Notice.*—It is not necessary for the record of a board of review to show that notice was given to a property owner whose assessment was raised. p. 31.
11. INJUNCTION.—*Unjust Taxation.*—*Burden of Proof.*—A property owner can not establish a right to injunctive relief against the collection of taxes without showing that an excessive tax is levied upon his property, and the burden is on him to show such fact. p. 32.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Maria L. Fell and another against William H. West as treasurer of Lawrence county. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*M. F. Dunn* and *H. P. Pearson,* for appellants.
*T. J. Brooks* and *W. F. Brooks,* for appellee.

COMSTOCK, C. J.—The complaint is in two paragraphs. In the first it is alleged that the plaintiffs are the owners in fee simple, and have been for the past ten years, of 360 acres of land (describing it) located in Indian Creek township, Lawrence county, Indiana; that in the year 1899 the assessor of said township returned said lands for taxation at a valuation, giving the tracts and the valuation affixed to each tract, making a total valuation of said lands as returned by the assessor of $5,900, including improvements; that the auditor of said county, in the year 1899, illegally placed upon the duplicate of said county the valuation of $10,540; that said valuation in excess of said $5,900, as returned by the assessor, was wrongful and void, for the following reasons: The auditor, county assessor, or some one without authority in that behalf, illegally, inequitably and irregularly changed upon the book of the assessor of said township the valuation of $5,900, as returned by said as-

sessor upon said lands, by erasing the original assessment on each tract as returned by said assessor, and by interlineation upon said assessor's book of an increased amount above said erasures, amounting to the aggregate, as above set forth, of $10,540; that said interlineations, erasures and changes were made without the consent of the plaintiffs, or either of them, without any authorization of any kind by them, and without any notice of any kind from any source to appear before any auditor, or any board of review or equalization; that neither of said plaintiffs at any time authorized any agent or attorney to appear before said auditor or board of review or equalization, and that neither of them, either by agent, attorney or in person, at any time appeared before said board of review or any auditor of said county, and that said auditor, without any order of any board of review, placed said lands upon said duplicate for the year 1899 at said unlawful and inequitable valuation, and that for each successive year since 1899, up to and including the year 1902, said valuation has been wrongfully, inequitably and irregularly placed upon the duplicates of said county; that plaintiffs have paid the amount based upon said wrongful valuation every year since said valuation was so placed upon the duplicate, up to and including the first half of the 1902 taxes; that the treasurer of said county now has in his hands the duplicate of said county, with said wrongful and inequitable valuation of said lands; that he is claiming there is due from these plaintiffs the sum of $146.85, and is threatening to collect by process of law said amount, which said amount as above set forth is based upon said wrongful valuation; that the taxes set forth since 1899 were paid by these plaintiffs in ignorance of the true state of facts, and in the belief that they were honestly and justly due, without knowledge of the facts above set forth; that the amount actually due on said instalment, based upon the valuation returned by the assessor for 1899, to wit, $5,900, is $74.32; that the valuation of plaintiffs' personal property

for the year 1902 is $1,100; that the taxes due on this amount are $13.86; that before the bringing of this suit these plaintiffs caused to be tendered to said treasurer the sum of $90 in gold coin of the United States, which plaintiffs say is the correct amount due under the proper valuation; that said West refused to accept said sum, and still refuses, and plaintiffs now bring said sum into court and deposit the same with the clerk of this court for the benefit of the treasurer of Lawrence county in payment of said amount for tax admitted to be just, etc.` Wherefore, they ask that said treasurer be enjoined from collecting more than the amount tendered herein for the balance of said 1902 taxes against plaintiffs.

The amended second paragraph of complaint alleges that the plaintiffs are now, and for twenty years prior hereto were, joint owners, and in 1899 were and are now the sole owners of certain real estate (describing it), being the same real estate described in the first paragraph of complaint; that in the year 1899, at the time a pretended board of equalization met in the county of Lawrence, and long prior, there was situate upon a certain 160-acre tract of said land a stone-quarry known as the "Doyle quarry;" that the Doyle Quarry Company held from these plaintiffs a lease, under the terms of which it was entitled to remove from beneath the surface of said 160-acre tract held by it under said lease, to wit, about six acres, all oölitic limestone deposit it might see fit to quarry therefrom; that pending the existence of said lease, which was in force in 1899, and which lease is still in force, said Doyle Quarry Company was the absolute owner under said lease of all stone removed, or that it might remove, pending the existence of said lease, from said part of said 160-acre tract by it held under said lease; that said assessor in making said assessment made no assessment whatever valuing said lands exclusive of the Doyle mine or quarry, but valued all of said lands and assessed the same at the aforesaid valuation

against these plaintiffs, nor did he at any time assess any value upon the mine, quarry, leasehold and appurtenances separately from the land against these plaintiffs; that after the return of said assessment book at a pretended meeting of the board of equalization of Lawrence county on June 12, 1899, without any step whatever having been taken to separate the value of the lands, as assessed as other lands are assessed, from the value of the quarry or leasehold, the said board of equalization made the following illegal and inequitable order, to wit: "July 12, 1899. Ordered assessment as returned against M. Fell's heirs, Indian Creek township, be raised $4,640, bringing the same to assessment of four years ago"—and this was the only record made with reference to said lands by said board of review at said term; that said record fails to show any appearance of plaintiffs, or either of them, in person or by attorney, any service of notice on plaintiffs, or either of them, any default against plaintiffs, or either of them, and fails to give any excuse for not showing either and all of said things.

Plaintiffs aver that the order so made is void, for the reason that the board had no power in gross thus to increase and raise the assessment as returned by the assessor of said township; that, while in fact they are the heirs of Moses Fell, deceased, in the year 1899 the heirs of Moses Fell, in Indian Creek township, held and owned no lands whatever, but that the title to the lands aforesaid was in Maria L. Fell and Antoinette Fell, these plaintiffs, share and share alike; that, pursuant to the wrongful and unlawful increase in the valuation of their lands, the auditor of Lawrence county carried the same into the duplicate of 1899, and has since carried the same continuously where it now is; that in so doing there has been since 1899, and is now, upon said duplicate a valuation of $10,540 upon said real estate, when there should not be a valuation beyond the assessment as returned by the assessor of Indian Creek township in 1899, to wit, $5,900. Said paragraph also pleads the

tender of the sum of $90 as set out in the first paragraph of the complaint. With the exception of the allegations as to the stone-quarry upon said 160-acre tract, the two paragraphs do not materially differ.

A demurrer for want of facts to each of said paragraphs was overruled, and defendant answered by general denial. Upon proper request, the court made a special finding of facts, stated conclusions of law, and rendered judgment thereon in favor of defendant. Plaintiffs excepted to the conclusions of law.

The error assigned is that the court erred in its conclusions of law.

The special findings show the lands; the assessment of taxes thereon as set out in the complaint; that they were assessed by the assessor in the name of Moses Fell's heirs, the record of said assessment made in the assessor's book, and ownership of said lands substantially as set out in the complaint; that on the 6th day of June, 1899, the auditor of said county gave notice that the board of review would meet at the auditor's office on the 19th day of June; that said notice was published on the 6th, 9th and 16th days of June, 1899, in the Bedford Mail, a newspaper of general circulation, printed and published in said county; that the record of the board of review was silent as to the publication of any such notice; that on the 19th day of June, 1899, the board met and organized; the assessor's book aforesaid, with the assessments aforesaid, came before said board of review for action; the board during the time of their session visited and inspected the lands hereinbefore described, for the purpose of ascertaining and learning such information as was necessary relating thereto. On the 12th day of July, 1899, the board, after considering the matter of the assessment aforesaid, agreed upon the changes in the assessment of the real estate as set out in the complaint, and, having determined upon said assessment and changes, the auditor, by direction of said board of review and as a part

of their record, changed the figures on the assessor's book from the amounts as returned and recorded by the assessor to correspond to the amounts as determined by the board of review, which changes were made on said book by interlineation. Said changes made by the auditor were read over to and in the presence of the board of review, and on the same date, and as part of their record in the matter, the board caused the auditor to make on their record a minute: "Order that the assessment as returned against the heirs of M. Fell, in Indian Creek township, be raised in the sum of $4,640, to correspond with the assessment of four years ago;" that said assessment as changed by the board of review was copied into the tax duplicates of 1899, 1900, 1901 and 1902, and the taxes thereon at the current rate computed and placed upon the respective duplicates.

The findings show that as the taxes became due on the lands aforesaid, the plaintiffs paid the same as alleged in the complaint, with the exception of the second instalment for the year 1902, and that they tendered to the defendant $90, the amount of said second instalment of tax at the current rate of the year 1902 for the amount of $5,900, as alleged in the complaint; that the suit herein was begun on the 4th day of September, 1903, after said $90 had been tendered to said treasurer; that for several years prior to 1899, and until this time, there was a quarry of limestone on a part of the aforesaid lands, exclusively operated at different times by George Doyle and others; that for the year 1899, and since that time, plaintiffs collected as rental for and on account of the said quarry the sum of $1,800 per annum; that during the years herein mentioned the aforesaid real estate was not assessed in any other way or manner, or for any other amount, than the assessment herein set out.

It is found that in the year 1899 Wesley Armstrong, as assessor, assessed the lands mentioned in the complaint, and gave his return of assessment to John W. Hudson,

to be by him delivered to Moses F. Dunn, the agent of said plaintiffs, which assessment was in the sum of about $5,500 or $5,600, which assessment was delivered by said Hudson to said Dunn, agent; that said assessor made out a legal return of his said assessment in the year 1899, a copy of which had been furnished said Dunn, agent for said Maria L. Fell and Antoinette Fell, to the auditor of Lawrence county, setting out each tract, and the improvements thereon, on the proper assessment book for said township, in the proper column, and under its proper heading, with the assessment and valuation placed by him (said assessor) opposite each particular tract.

It is found that at no meeting of said board did the plaintiffs, or either of them, appear, either in person or by attorney, and that there was no evidence that notice of any description was ever given plaintiffs, or either of them, of the intention of said board to change, correct, amend or increase the assessment as returned by the assessor of said township to the auditor of Lawrence county, or the amount of assessment as returned by said assessor through John W. Hudson to Moses F. Dunn, agent as aforesaid; that the record is silent as to the issuance of any notice to plaintiffs, or either of them, or as to any appearance, or service of any notice, or either of them, and is silent as to whether said plaintiffs, or either of them, were ever called or defaulted before making the order of July 12, 1899 ; that all taxes on said Indian Creek township lands and personal property have been paid by plaintiffs up to the commencement of this suit, other than the amount of said deposit, and that there were and are no delinquent taxes ; that no part of the taxes is for omitted property ; that there is no proof as to who M. Fell or his heirs were in 1899, or are, and no reason given why the lands of the plaintiffs should have been assessed under any order against M. Fell's heirs.

The gravamen of the complaint is that the valuation of appellants' real estate was inequitably and unjustly in-

creased, without notice to appellants, without their knowledge or consent, and without their being represented in person, or by attorney or agent, before the board of review.

1.   Appellants' lands were subject to taxation.   Public officers are presumed to do their duty.   It is presumed that the taxes were legally assessed.   *Smith* v. *Rude Bros. Mfg. Co.* (1892), 131 Ind. 150; *Adams* v. *Davis* (1887), 109 Ind. 10; *Gallup* v. *Schmidt* (1900), 154 Ind. 196; *Buck* v. *Miller* (1897), 147 Ind. 586, 37 L. R. A. 384, 62 Am. St. 436; *Brunson* v. *Starbuck* (1904), 32 Ind. App. 457; §8642 Burns 1901, Acts 1891, p. 199, §224.

2.   It follows that the burden of proof that the levy and assessment are invalid is on appellants.   *Saint* v. *Walsh* (1895), 141 Ind. 382; *Smith* v. *Rude Bros. Mfg. Co., supra; Adams* v. *Davis, supra; Buck* v. *Miller, supra; Brunson* v. *Starbuck, supra.*

3.   Appellants' lands should be, for the purpose of taxation, valued at their true cash value.   §§8513, 8532 Burns 1901, Acts 1891, p. 199, §§95, 114.   The raising of the valuation of appellants' land without notice to them or without their knowledge would not entitle appellants to an injunction against the collection of taxes unless the findings show that the assessment was larger than it should be.   It must appear from the findings that appellants have been substantially injured.   *Crowder* v. *Riggs* (1899), 153 Ind. 158; *Miller* v. *Vollmer* (1899), 153 Ind. 26; *Hunter Stone Co.* v. *Woodard* (1899), 152 Ind. 474; *Reynolds* v. *Bowen* (1894), 138 Ind. 434; *Jones* v. *Sumner* (1867), 27 Ind. 510; *City of Delphi* v. *Bowen* (1878), 61 Ind. 29; *Musselman* v. *City of Logansport* (1868), 29 Ind. 533.

4.   An assessment irregularly placed upon the duplicates is not necessarily an unjust assessment.   An assessment which calls for an amount greater than is due, or greater than the assessment against other property of the same value, is unjust because it falls upon the taxpayer to pay more than his just share of the tax burden.   *Jones* v. *Sum-*

*ner, supra; Cleveland, etc., R. Co.* v. *Town of Waynetown* (1899), 153 Ind. 550; *Miller* v. *Vollmer, supra; Crowder* v. *Riggs, supra;* §8642, *supra.* There is no finding that the valuation of the board of review was out of proportion, or more than the true cash value of the land. There is no finding that notice of the contemplated action of the board was not issued and served on appellants, and so the presumption to which we have referred in favor of public officers is not overcome by the finding of facts.

5. The finding that the record is silent as to the issuance of notice to appellants, or either of them, and is silent as to whether they were ever called or defaulted before making the order in question is not a finding that appellants were not notified or were not defaulted. Inasmuch as the special findings do not show that the quarry on the land was considered by either the assessor or the board of review in fixing the value of the land, its existence is not material.

6. The assessment of the land in controversy in a name other than that of the owner or owners did not render the assessment invalid. §8633 Burns 1901, Acts 1891, p. 199, §215; *Helms* v. *Wagner* (1885), 102 Ind. 385.

7. The statutes of this State relating to the assessment and collection of taxes are liberally construed in favor of the taxing powers. *Hunter Stone Co.* v. *Woodard, supra; Graham* v. *Russell* (1899), 152 Ind. 186, and cases cited; §8642, *supra.* Where a title is sought through a tax sale, the rule does not prevail. In this case the statute is strictly construed, and the claimant under the sale is given a lien for taxes paid in the event his title is defective by reason of illegality or irregularity preceding the sale. The State thus secures the payment of the tax, and protection is given the third party who buys.

8. It is the policy of the law that all property shall bear its share of the public burden, and nothing but payment will discharge the State's claim for a just amount of taxes.

9. Appellants' position is thus stated: (a) The action of the board of review increasing the assessment on the lands of appellants was *coram non judice* and void; (b) the board of review had no jurisdiction of the subject-matter; (c) the board of review had no jurisdiction over appellants, or either of them; (d) boards of review are courts of inferior jurisdiction, and must speak by their record. Appellants, relying upon these propositions, argue and cite authorities to establish that the board of review is governed by the rules of procedure of the courts, that the board was a court of inferior jurisdiction, and that by its own record should be shown to have jurisdiction both of the subject-matter and of the person. In some jurisdictions the construction of tax laws and the procedure of enforcing them is strict, but in Indiana, as herein stated, a liberal construction is given to the tax law, and the power of the officers and board charged with the duty of enforcing the tax laws is regarded as summary, and the detail of judicial procedure is not regarded as necessary.

Section 8642, *supra,* is as follows: "No general or specific tax authorized by the laws of this State, and which shall be assessed on any property in any township, city or town within this State by any officer authorized to make assessments or which if made by another person or may·be adopted by such officer as his act shall be held to be illegal or invalid for want of any matter of form in any proceeding not affecting the merits of the case, and which shall not prejudice the rights of the party assessed. And all taxes assessed upon any property in this State shall be presumed to be legally assessed until the contrary is affirmatively shown."

In *Reynolds* v. *Bowen* (1894), 138 Ind. 434, it is said: "It was never intended that proceedings before the auditor, such as those objected to in this case, should be conducted with all the precision and formality of an action in court. * * * The power to assess is a summary power; and, to

secure uniform and just taxation, and protect the revenues of the State, both as to unscrupulous and dishonest evasion of the law, and also in the interest of honest taxpayers, it is necessary that assessment statutes should be liberally interpreted in the aid of the taxing power."

In *Graham* v. *Russell, supra,* the court said: "It was held in the latter case [referring to the case of *Reynolds* v. *Bowen, supra*], that the power to assess property is a summary one, and that in order to secure uniform and just taxation, which the law intends, and to protect the State's revenue against a dishonest evasion of the law, and also to protect the honest taxpayer, it is necessary that the tax laws be liberally interpreted in aid of the taxing power."

In *Gallup* v. *Schmidt, supra,* it is also stated that the evident purpose of the statute is to aid in the collection of the public revenue, and must be liberally construed.

The court well said in the case of *Newton* v. *Roper* (1898), 150 Ind. 630: "While notice is essential to the due process of law, it is not essential to the validity of every step in a proceeding, judicial or *quasi* judicial that special notice be given as each step is to be taken. The assessment and enforcement of taxes must be by methods necessarily summary, and without the detail of judicial tribunals. With reference to the assessment of property for taxation, it has been held that there is due process of law when the law has prescribed the time, the place, and the tribunal when, where, and by which assessments are to be made." See, also, *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729, in which it is held that the state board of tax commissioners is not a judicial tribunal in the meaning of the Constitution. That the proceeding in the assessment of taxes is not judicial, and that the board of review is not a judicial tribune, nor a court of inferior jurisdiction, nor governed by the rules relating to judicial procedure, has been repeatedly held in this court.

10. A formal entry of notice upon the records of a

county board or city council is unnecessary where the notice is a prerequisite to action. *City of Bloomington* v. *Phelps* (1898), 149 Ind. 596; *Tabor* v. *Ferguson* (1887), 109 Ind. 227; *Updegraff* v. *Palmer* (1886), 107 Ind. 181.

In *Crowder* v. *Riggs* (1899), 153 Ind. 158, which was a case to restrain the authorities from placing upon the tax duplicate the property of appellant, for the reason that the notice served upon him was insufficient, the court said: "He can not obtain relief on the ground of the want or insufficiency of notice, or other informalities or irregularities. If the property is taxable, the want of notice or the insufficiency thereof, or any other irregularity or informality, does not entitle the owner thereof to an injunction."

11. Decisions might be multiplied to the effect that a party is not entitled to injunctive relief in a case of this character without showing that an excessive tax has been imposed upon his property—a tax greater than its just share. The burden is upon one asserting it to establish this fact.

The special findings failing to show this fact essential to appellants' recovery, the judgment is affirmed.