## PEOPLE'S GAS, ELECTRIC & HEATING COMPANY *v.* HARRELL, TREASURER, ET AL.

[No. 5,570.    Filed November 28, 1905.]

1. PLEADING. — *Complaint.* — *Injunction.* — *Taxation.* — *Board of Review.—Increase of Assessment.—Notice.*—A complaint by a property owner against the county treasurer for an injunction against the collection of the taxes occasioned by an alleged void increase in its assessment by the county board of review, for a failure of such board to give notice thereof, must negative notice to the plaintiff by the county auditor in the general notice published for the meeting of such board and also the optional notice to be served directly upon the property owner after the meeting of such board as prescribed by §8532 Burns 1901, Acts 1895, p. 74, §2.    p. 592.

2. OFFICERS. — *Public.—Performance of Duty.—Presumption.*— Public officers are presumed to do their duties.    p. 593.

3. TAXATION. — *Board of Review. — Increase of Assessment.*— *Notice.—Injunction.*—A property owner is not entitled to an injunction to prevent the collection of taxes assessed against him simply because the county board of review gave him no notice before increasing his assessment; but he must show that his assessment was for more than the true cash value.    p. 593.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Suit by the People's Gas, Electric & Heating Company against John P. Harrell, as county treasurer of Monroe county, and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Miers & Miers,* for appellant.

*Arthur M. Hadley,* for appellees.

WILEY, J.—Appellant sued appellees to enjoin the collection of taxes, which it is alleged were illegally assessed against appellant's property. A demurrer to the complaint was sustained, and appellant declined to plead further. From the judgment against it for costs this appeal is prosecuted, and the overruling of the demurrer to the complaint is assigned as error.

The complaint is in a single paragraph in which it is alleged that appellant is a corporation organized under the

laws of the State of Indiana, and that appellee Harrell is the duly elected, acting treasurer of Monroe county; that on April 1, 1901, and for two years immediately preceding, Simeon C. Freeze and Frederick M. Freeze were partners, owning the gas-plant, fixtures, pipes, mains and a franchise granted by the city of Bloomington for the manufacture of gas therein, with the privilege of using the streets, alleys and other public places for conducting the same to patrons; that said Freeze and Freeze were, during all said time, citizens of said city of Bloomington, and used and adopted the firm name of "Bloomington Gas Company" in the management and control of said plant, and conducted said business in that name, and in that name said property was assessed against them for taxation; that between the 1st day of April and the 1st day of June, 1901, said firm, in the name of the Bloomington Gas Company, made a list of all of said firm's property in said county, and delivered the same to the township assessor, which said schedule was duly verified by Simeon C. Freeze, and in which said firm gave to the assessor as the total valuation of its taxable property within the township the sum of $6,550; that said firm had no other property in said township and county, and gave in none for taxation within any other township; that said schedule so made by said Freeze and Freeze was by the township assessor returned to the auditor and filed in his office; that no other or additional assessment was made against the property of said firm, or against said gas-plant by the assessor of said township, or by any officer within said county, and that said firm had no other property within said county than that so scheduled and returned by said assessor; that on the 1st day of June, 1901, appellant became the owner of said gas-plant, together with all its rights, privileges, franchises and immunities, and immediately went into possession thereof, and from that time until the present has been the owner and in possession of

said property, etc.; that according to the terms of the purchase, by which it became the owner of said property, and as a part of the consideration therefor, appellant agreed to pay the taxes thereon for the year 1901; that on the 5th day of July, 1901, the board of review of Monroe county was in session and "procured some kind of a notice to be issued;" that on the same day, and thereafter, said Freeze went to the room where said board was sitting, and while there a conversation took place between him and the different members of the board as to the probable value of said gas-plant, fixtures, franchises, etc., and thereupon the board made some kind of an entry "in the book in which its minutes were kept, in which it undertook to increase the value of said gas-plant from $6,550 to $18,800, and which said minute was signed by certain officers of said board as and for the minutes of its proceedings," and that said Simeon C. Freeze, since the 1st day of June, 1901, has been in nowise connected with appellant or said property, and has been in nowise authorized to speak for, appear for, or in any way "bind said property of this plaintiff;" that when said Freeze went before said board he did not go as the representative of said gas-plant; that he in nowise consented to said board's proceedings against said property, or against him or said firm; that he in no way consented to the jurisdiction thereof, but that he went before said board without any intention of conferring jurisdiction thereon; that appellant did not appear before said board, nor did it consent to the making of any order with reference to the valuation of said property; that it had received no notice whatever of any proceeding, or any attempted proceeding, to increase the value of said property, and that anything that may have been done by said board, looking toward said increase, was done without the knowledge or consent of appellant, or of anyone connected therewith, or who had any right or authority to speak therefor; that no other or further attempt was made by any officer

or person to increase the valuation of said gas-plant other than that made and done by the board of review, as heretofore stated.

It is then alleged that appellant is the owner of other real estate and personal property within Monroe county, subject to taxation; that said auditor has carried onto the duplicates in his office said increased valuation, and calculated the taxes on said property, constituting such increased valuation, and carried the same forward on the tax duplicate, the whole amount of taxes including that which is properly assessed on said property, as returned by the proper assessor, to wit, $266, as well as the pretended increased valuation, as undertaken to be fixed by said board, to wit, $342, and carried both sums forward, to wit, the sum of $608, and that the whole amount appears to be and is a lien upon the property of appellant within said county, and casts a cloud upon its real estate and personal property; that said auditor caused a copy of said tax duplicate to be delivered to the treasurer of said county; that on the 6th day of May, 1902, appellant, by its duly acting agent, appeared at the treasurer's office, and said treasurer demanded $304 as the first instalment of taxes on said plant, etc., and in order to prevent the whole amount so assessed from becoming due, appellant was compelled to pay and did pay said sum of $304, which sum included the sum of $171 so improperly assessed; that said amounts, so illegally assessed and included and demanded, he paid under protest, and so notified the treasurer at the time of payment; that by virtue of said illegal assessment said treasurer is demanding as a second instalment of taxes from appellant on its gas-plant, fixtures, etc., an additional $304, which said amount includes the sum of $171, so assessed by reason of said illegal assessment. Appellant then avers that it tendered and paid to said treasurer $133 as such taxes on said property, that being the amount of legal taxes so assessed.

It is then averred that appellant has paid to the treasurer all legal taxes assessed and due against it, and that said auditor, after the first Monday of November, 1902, will return said sum of $171 as delinquent taxes against the property of appellant, and will proceed and demand that said sum be paid, and will proceed to levy and collect the same, together with the statutory penalty. The prayer of the complaint is that the treasurer be perpetually enjoined from collecting said sum of $171, so illegally assessed, and that the appellant have judgment against Monroe county for $171, the amount so illegally collected, and so paid under protest, etc.

The statute makes reasonable provision for the assessment of property, both real and personal. It is the duty of the property owner to make a schedule of his property subject to taxation, and report the same under oath to the township assessor. In such schedule he is required to fix a value thereto. The township assessor is authorized to accept such value as returned by the property owner, or he may fix a value in a separate column, provided for that purpose in the assessment roll. It then becomes the duty of the township assessor to report such assessment to the county auditor, and if no steps are taken to increase or diminish the valuation thus returned, it is the duty of the auditor to carry the property forward on the tax duplicates. The statute also makes ample provision for increasing the assessed valuation. It is provided in all cases where the county board of review deems it necessary to add omitted property or increase the valuation thereof made by the assessor, that the county auditor shall cause the names of the persons to whose lists property is to be added, or the valuation of whose property is to be increased, to be inserted in the notice required to be given of the time and place of the meeting of the board. It is further provided that the board may also at its option "cause to be served upon the person to whose list property

is to be added, or the value of whose property is to be increased, a written notice that it is proposed to revise or correct his list." §8532 Burns 1901, Acts 1895, p. 74, §2. The statute further provides for the service of such notice upon the property owner. So far as we can gather from the averments of the complaint, it does not affirmatively appear that the board issued or had served upon appellant any notice that it intended to review and revise and increase the valuation for taxation of the property which had been returned to the assessor by the former owners of the plant. We mean to say by this that it appears from the complaint that no notice was issued by the board and served upon any officer or officers of appellant company. It does not aver, however, that in the notice required by statute to be published of the time and place of meeting of the board that appellant's name was not inserted therein and the intention of the board expressed that it would proceed to review and increase the assessed valuation of appellant's property. It is a presumption of the law that public officers will perform their duties according to law, and in the absence of

2. a direct averment that in the notice required by statute to be given of the time and place of the meeting of the board appellant's name did not appear therein as a party against whom the board intended to increase the valuation of the property returned for taxation, it will be presumed that such notice was given and that appellant's name was included therein. It will therefore be presumed that the taxes against appellant's property were legally assessed. *Fell* v. *West* (1905), 35 Ind. App. 20.

To entitle a party to injunctive relief it must affirmatively appear from the allegations of his complaint that

3. unless such relief is granted he will sustain irreparable injury. It will be observed from the allegations of the complaint, which appear above, that there is no averment that the value of the property

as returned for taxation by the original owners was not to exceed the sum therein specified, to wit, $6,550; nor is there any averment that the increased assessment to $18,800, as fixed by the board, was an unjust or inequitable assessment, or in excess of its actual value. Increasing the valuation of appellant's property without notice to it, or without its knowledge, would not entitle it to an injunction against the collection of taxes, unless it should affirmatively appear that the assessment was larger than it should be. It must appear that appellant has been substantially injured. *Fell* v. *West, supra; Crowder* v. *Riggs* (1899), 153 Ind. 158; *Miller* v. *Vollmer* (1899), 153 Ind. 26; *Hunter Stone Co.* v. *Woodard* (1899), 152 Ind. 474. *Crowder* v. *Riggs, supra,* was a suit to restrain the taxing authorities from placing upon the tax duplicates appellant's property, for the reason that the notice served upon him was insufficient. In deciding the question involved the court said: "He can not obtain relief on the ground of want or insufficiency of notice, or other informalities or irregularities. If the property is taxable, the want of notice or the insufficiency thereof, or any other irregularity or informality, does not entitle the owner thereof to an injunction."

In *Fell* v. *West, supra,* this court said: "Decisions might be multiplied to the effect that a party is not entitled to injunctive relief in a case of this character without showing that an excessive tax has been imposed upon his property—a tax greater than its just share."

Because of appellant's failure to aver that its property has been taxed beyond its actual value, the complaint is fatally defective, in that it fails to show any resulting injury. These considerations lead us to the conclusion that the trial court correctly sustained the demurrer to the complaint.

Judgment affirmed.