## SCHLOSSER BROTHERS v. HUFF, TREASURER.

[No. 10,411. Filed October 13, 1920. Rehearing denied January 25, 1921. Transfer denied May 20, 1921.]

1. TAXATION.—*Board of Review.—Increase of Assessment.—Notice.—Injunction.*—That the county board of review was without authority to increase a property owner's assessment, because notice to it, as required by §10,279 Burns 1914, Acts 1891 p. 199, was not given before the increase was made, did not alone entitle the property owner to an injunction restraining the collection of that part of the assessment represented by the increased valuation made by the board of review, but to obtain such relief, since the property was taxable and the taxes had not been paid, it was incumbent on the property owner to also show that the assessment, as increased by the board of review, was larger than it should have been. p. 646.

2. TRIAL.—*Special Findings.—Failure to Find.*—The failure of the court to find a fact essential to plaintiff's right of recovery is equivalent to a finding against it as to such fact. p. 646.

From Marshall Circuit Court; *C. C. Campbell,* Special Judge

Action by Schlosser Brothers, a corporation, against George W. Huff, treasurer of the county of Marshall. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Harley A. Logan,* for appellant.

*Delph L. McKesson* and *Henry L. Humrichouser,* for appellee.

BATMAN, J.—Appellant, a corporation, brought this action against appellee to enjoin the collection of certain taxes. The complaint is in a single paragraph to which an answer in general denial was filed. On the trial the court, on request, made a special finding of facts, and stated its conclusions of law thereon, which was followed by a judgment in favor of appellee. Appellant is now prosecuting this appeal on the ground that the court erred in stating its conclusion of law.

In the special finding of facts the court found in substance among other things, that on March 1, 1916, appellant was a corporation, organized and existing under the laws of the State of Indiana, with its home office in the city of Plymouth therein; that on said date it owned personal property in Marshall county in said state, some of which was situated in said city of Plymouth in Center township, and the remainder thereof was situated in the townships of Center, West and German, outside of the corporate limits of any city or town, and that said property so situated was all the personal property owned by appellant in said county; that between March 1, and May 11, of said year, appellant caused verified schedules to be prepared, in due form, of all the personal property owned by it on March 1, 1916, in said city, and in said several townships, and delivered the same to the respective assessors of said townships, who accepted such schedules, and delivered the same to the auditor of said county, as their returns for the year 1916, of the taxable personal property owned by appellant in said city and in said several townships; that in preparing said schedules, appellant caused an amount to be set opposite each item of property listed therein, as the value thereof, and such amounts remained in said schedules, as the value of such property, when the same were delivered by said assessors to said auditor as aforesaid; that on May 9, 1916, appellant, as a domestic corporation, prepared its verified statement for taxation, in due form, and delivered the same to the auditor of said county, who accepted and filed it as such; that said several schedules and said corporation statement were delivered to said auditor prior to the meeting of the board of review of said Marshall county in the year 1916, and have ever since remained in his possession and under his control; that said board

of review, during its regular session of said year, made an order increasing the assessments on appellant's personal property in said city, and in said several townships, over the amounts returned by said assessors in said schedules, in the total sum of $23,320; that said increase in said assessments was made without any notice to appellant, and that such notice was not waived by it; that thereafter the auditor of said county, in the course of his duties, prepared the tax duplicate for said county for the year 1916, and extended the taxes thereon against appellant in accordance with the increased valuation of its property as made by said board of review, and placed said duplicate in the hands of the treasurer of said county for the collection of the taxes extended thereon; that prior to the first Monday of May, 1917, appellant paid to such treasurer the full amount of the taxes on its said personal property, based on the valuation thereof, shown by said several schedules as stated above; that after the payment by appellant of said portion of the taxes charged against him on the duplicate, as prepared by said auditor, appellee, as treasurer of said county, returned against appellant as delinquent taxes on its said personal property in said county for the year 1916 the sum of $886.04, which is a lien against appellant's real estate and personal property in said county; that appellee, as the treasurer of said county, is threatening to and will distrain appellant's property to pay said delinquent taxes, and will collect said sum including penalties and interest unless restrained by the court. On this finding of fact, the court stated as its conclusion of law, "that plaintiff take nothing by its complaint, and that it pay the cost of this cause."

An examination of the statutes in force in 1916, relating to the assessment of personal property for taxa-

tion, leads us to conclude, that the only authority possessed by the board of review of Marshall county to make the increase in appellant's said several assessments, was conferred by §10,279 Burns 1914, Acts 1891 p. 199. This section expressly provides for notice to a property owner where such board deems it necessary to add omitted property to his list, or to increase the valuation of his property over that made by the assessor. In the instant case the court found that such notice was neither given nor waived. It follows that the board was without authority to make such increase in appellant's assessments, but this fact does not necessarily lead to the conclusion that appellant is entitled to enjoin the collection of the taxes on that portion of such assessments represented by the increased valuation made by the board of review. It appears from the special finding of facts that the property involved was subject to taxation, and that the taxes in question have not been paid. Under these circumstances, the mere fact that the statutory notice was neither given nor waived, standing alone, does not entitle appellant to the relief sought. *Crowder* v. *Riggs, Aud.*, (1899), 153 Ind. 158, 53 N. E. 1019; *Miller* v. *Vollmer, Treas.* (1899), 153 Ind. 26, 53 N. E. 949; *McCrory* v. *O'Keefe* (1904), 162 Ind. 534, 70 N. E. 812; *Nyce* v. *Schmoll, Treas.* (1907), 40 Ind. App. 555, 82 N. E. 539; *Citizens Nat. Bank* v. *Klauss* (1911), 47 Ind. App. 50, 93 N. E. 681. In order for such fact to have any potency in establishing appellant's right to such relief, it must be supplemented by the further fact, that the assessments of its property, as increased by the board of review, were larger than they should have been. *Fell* v. *West* (1905), 35 Ind. App. 20, 73 N. E. 719; *People's Gas, etc., Co.* v. *Harrell* (1905), 36 Ind. App. 588, 76 N. E. 318. The burden was upon appellant to establish such fact, but the special finding is si-

lent in that regard. This, in effect, is a finding against appellant on this essential element of his right to injunctive relief. *Beach* v. *Franklin Tp.* (1913), 56 Ind. App. 220, 103 N. E. 498. The principles involved in the conclusion we have reached are so fully discussed in the cases cited, that their further consideration here would not be justified. The court did not err in its conclusion of law on the facts found. Judgment affirmed.