GURALY v. TENTA ET AL.

[No. 18,669. Filed March 6, 1956. Rehearing denied April 17, 1956. Transfer denied May 25, 1956.]

*Jerome B. Van Orman,* and *James P. Murphy,* of Fort Wayne, for appellant.

*Mor N. Oppman,* of Gary, and *Geo. E. Hershman,* of Crown Point, for appellees.

KELLEY, J.—This appeal involves questions of law only and they derive their virility from appellant's contention that the conclusions of law stated by the court are erroneous.

The evidence is not brought into the record but the special findings of fact are acknowledged by appellant as "uncontroverted facts in this case." In the special finding of facts the court found in substance:

That the decedent, Theresa B. Manyok, owned a certain farm located in Jasper and Porter counties and described in the findings; that said decedent could neither read nor write the English language and that the appellees, Tenta and Tenta, are not legally related to said decedent in any way nor are they heirs at law or next of kin of said decedent.

On December 13, 1951, decedent entered into a written contract with appellant by which contract appellant agreed to furnish the decedent, during her life, with a home, room and board, washing and other comforts of life, in consideration for which decedent agreed to transfer said real estate to appellant, to take effect upon decedent's death, said real estate to be conveyed by Commissioner's Deed, and the agreement further provided in case appellant failed to perform her cove-

nants, the decedent had the right to declare the contract forfeited and, thereupon, appellant would have the right to sue for services rendered decedent but said contract made no provision for the contingency of decedent's leaving appellant's home without cause and making it impossible for appellant's further performance.

Appellant fully performed the conditions of the agreement until February 6, 1952, on which latter mentioned date said decedent left appellant's home, without cause therefor, and thereafter notified appellant, in writing, that she, the appellant, had breached the contract and declaring the same forfeited; that said notice was merely a statement of decedent and did not conform with the facts in that appellant had not breached the same up to February 6, 1952; that appellant was always ready, willing and able to continue the performance of said contract after February 6, 1952. On said February 6, 1952, decedent was taken by the appellees, Tenta and Tenta, to their home where she remained until her death on October 7, 1953, at the age of 83 years.

That on said February 6, 1952, said decedent entered into a written agreement with appellee, Mary Tenta, similar in nature to the agreement made with appellant. On April 25, 1952, decedent executed a will under which she left all her property to appellee, Mary Tenta, and on May 11, 1953, she executed a warranty deed purportedly conveying said real estate to the appellees, Tenta and Tenta.

Upon said special findings of fact, the court stated four written conclusions of law, the first, and the only one necessary for present consideration, being that the law is with the appellees. Judgment for appellees and against appellant was duly entered.

The action had its inception by the filing by appellant of a petition, to which the appellees were made parties defendant, alleging the contract with decedent, that she had fully complied therewith, that said appellees have no interest in said real estate, and praying that she be found the owner thereof and that a commissioner be appointed to convey the same to her.

Appellant's action is one in equity wherein the court is asked to decree the specific performance of the contract alleged in the petition and found by the court in its findings. The trial court, upon the facts as found by it, apparently concluded that such facts did not make a case for specific performance. For a successful assault upon the conclusion of the court, it became and is incumbent upon the appellant to establish that in this equitable proceeding the court, upon such facts, abused its discretion.

The equitable remedy of specific performance is not available as a matter of right, *Marion Trucking Co., Inc.* v. *Harwood Trucking, Inc., et al.* (1954), 125 Ind. App. 1, 116 N. E. 2d 636, 640, but rests in the sound judicial discretion of the court, *Ash and Others* v. *Daggy* (1855), 6 Ind. 259, 261; *Marion Trucking Co., Inc.* v. *Harwood Trucking, Inc., et al., supra.* Such judicial discretion is not an arbitrary one but is governed by and must conform to the well settled rules of equity. *Ames* v. *Ames* (1910), 46 Ind. App. 597, 610, 91 N. E. 509, 514; *Ash and Others* v. *Daggy, supra.* An abuse of discretion, reviewable on appeal, is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against reasonable, probable and actual deductions to be drawn therefrom. *Bailin* v. *Bailin* (1944), 223 Ind. 7, 57 N. E. 2d 436.

Appellant, in her briefs, has presented several contentions and much argument to sustain her proposal that the conclusion of the court is erroneous. Said contentions, and the authorities cited in support thereof, are based upon principles applied in cases where specific performance is sought to be enforced against a party to the contract. However, in the instant case, the party with whom appellant made the contract upon which she predicates her right to specific performance became deceased prior to the institution of this action. Appellant, therefore, seeks her relief against third persons, namely, the appellees.

Under these circumstances, the onus was upon the appellant to establish not only that her asserted contract was one capable of specific performance but, also, that the contract was binding upon and enforceable against the appellees. Specific performance can not be enforced against one who is neither a party nor privy to the contract and on whom it is not binding, or by whom no duty under the contract has been assumed. 81 C. J. S., Specific Performance, §26, p. 466. It was, therefore, an essential element of appellant's right to the specific performance of her contract with the decedent that she establish that appellees, Tenta and Tenta, were either parties to the said contract or that they were in privity therewith or that they in some other stated manner had become bound by it. The court found none of these facts. Nor did it find that said appellees had or possesed any notice or knowledge, actual or constructive, of appellant's said contract or any of appellant's asserted equities thereunder.

The silence of the findings as regards such facts is, in effect, a finding against appellant on an essential

element of her right to specific performance against the appellees. *Schlosser Brothers* v. *Huff, Treasurer* (1920), 75 Ind. App. 643, 646, 647, 128 N. E. 452; *Rhodes* v. *Newman* (1929), 92 Ind. App. 501, 507, 168 N. E. 879.

Appellant urges that by considering the court's finding that decedent could neither read nor write the English language in connection with other facts found by the court, we can infer or assume therefrom that appellees, Tenta and Tenta, prepared or had prepared the decedent's notice of forfeiture, that said appellees prepared or had prepared the contract between them and the decedent, and that said appellees prepared or had prepared the warranty deed executed by decedent to them, and that, consequently, said appellees had notice of appellant's contractual rights. This, of course, we cannot do. Inferences must be drawn by the trial court in its finding of fact and not by the reviewing court from the facts found. *Vermillion* v. *First National Bank of Greencastle* (1914), 59 Ind. App. 35, on page 45, 105 N. E. 530. Furthermore, we cannot add to the findings of the court unless it results as a necessary conclusion from the facts found. *McAdams* v. *Bailey, et al.* (1907), 169 Ind. 518, Point 18 on page 534, 82 N. E. 1057. The mere fact found by the court that the decedent could not read nor write the English language would not authorize the necessary conclusion either that said appellees prepared or had prepared for decedent the various instruments mentioned or that they had notice of appellant's contract or asserted equities. As stated, inferences leading to such ultimate fact must be drawn by the trial court from the evidence submitted to it and by it found as a fact in its findings. We cannot supply such fact by intendment, inference or assumption.

Appellees suggest other grounds which, they say, necessitate the affirmance of the judgment, such as, among others, that the contract relied upon by appellant is one which involves personal service and, therefore, is of a class the specific performance of which could not have been enforced by either party during decedent's life nor accomplished after her death, citing *Ikerd, et al.* v. *Beavers* (1886), 106 Ind. 483, 486, 7 N. E. 326, that said contract is indefinite and uncertain and leaves the character and manner of the services to be performed to the whim and caprice of appellant, and that the contract is of a nature that the court could not decree complete performance against both parties without adding to its terms, citing *Ryan* v. *Summers* (1924), 81 Ind. App. 225, 142 N. E. 879. However, we deem it unnecessary at this time to discuss such questions or express an opinion thereon since they would be of no determinative influence in the absence of a finding by the court of some legally recognizable ground which would authorize the enforcement against appellees of specific performance of the contract involved.

We do not find that the court abused its discretion.

Judgment affirmed.

NOTE.—Reported in 132 N. E. 2d 725.