## NICHOLSON, COUNTY AUDITOR, v. CHAMBERLAIN.

[No. 12,618. Filed February 18, 1927.]

1. TAXATION.—*State Board of Tax Commissioners had jurisdiction to reassess property at fourth regular session or at adjourned meeting thereof.*—The State Board of Tax Commissioners had jurisdiction to make a reassessment of an individual's personal property, either at the fourth regular session of the board, as prescribed by §14211 Burns 1926, or, at a special session thereafter, pursuant to adjournment from the regular session, for the purpose of further hearing evidence as to the amount and value of his personal property, of which he had notice. p. 619.

2. TAXATION.—*Continuation of hearing before State Board of Tax Commissioners on reassessment of property constituted*

*adjournment within meaning of the statute.*—Continuing matter of reassessment of an individual's personal property from the fourth regular session of the board (at which session, reassessments are to be made) to a date after the expiration of the session, in order to obtain information which the property owner declined to give, constituted an adjournment within the provisions of §14212 Burns 1926 giving the board authority to adjourn from time to time until the business before it is finally disposed of. p. 619.

3. TAXATION.—*Property owner cannot complain of irregularities in reassessing his property where there is no showing that assessment was too high.*—A property owner cannot complain of irregularities in the proceedings of the State Board of Tax Commissioners in reassessing his property where he makes no showing that the board's assessment was too high. p. 619.

From Washington Circuit Court; *James L. Tucker,* Judge.

Suit by A. Hayes Chamberlain to enjoin Will J. Nicholson, auditor of Washington county, from placing on the tax duplicate an assessment of plaintiff's property ordered by the State Board of Tax Commissioners. From a judgment for the plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Wilbur W. Hottel* and *Willis C. Nusbaum,* for appellant.

*Elliott & Houston,* for appellee.

NICHOLS, J.—This is an action by appellee against the county auditor to enjoin him from placing on the tax duplicate $1,000 as and for additional valuation of the property owned by appellee as ordered by the State Board of Tax Commissioners upon a reassessment. The complaint alleged that the assessment was locally fixed at $4,170; that the county auditor is unlawfully attempting to and will, unless restrained by the court, place an additional assessment of $1,000 against appellee, which additional sum of $1,000, the complaint alleged was not assessed by any officer or board having legal authority to make such additional assessment.

Answer in general denial was filed, and a trial was had upon the issues thus joined, and the court, after hearing the evidence, found for appellee and that he is entitled to a perpetual injunction enjoining and restraining appellant from placing on the tax duplicate of Washington county, for the year 1924, $1,000 as and for additional value of the property of appellee for assessment and taxation. After appellant's motion for a new trial was overruled by the court, judgment was rendered, granting an injunction according to the above finding.

The error relied upon for reversal is the overruling of appellant's motion for a new trial, presenting that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and error in admitting certain evidence which, as contended, was designed to constitute a collateral attack upon the action of the State Board of Tax Commissioners upon appellee's assessment.

It was stipulated and agreed in open court by the parties that at the time of the filing of this action, appellant's predecessor in office was about to place on the tax duplicate of Washington county, an assessment of $5,170 against appellee as the value of his taxable property, which would constitute a raise of the amount of property with which he had been assessed by the proper taxing officers of said county of $1,000. That said additional $1,000, about to be placed on the duplicate, was the amount of the raise which was purported to have been certified down by the state tax board of Indiana. By the record so certified, it appears that on December 5, 1925, as to appellee's assessment with others, there being lack of information upon which to base findings, the matter was continued by agreement, for further hearing to December 17, 1925.

Appellant's Exhibit 1 reads as follows:

"The State Board of Tax Commissioners of the State of Indiana met in session pursuant to adjournment· at their usual place of meeting Rooms 231-233 State House, Indianapolis, Saturday, December 6, 1924, at 9:30 A. M., with all the members present.

"John J. Brown, Chairman,
"William A. Hough,
"Philip Zoercher,
"Commissioners.

"Wm. C. Harrison, Secretary.

"Appeals and certified assessments of "Washington County for the year 1924.

"In the matter of the appeals and certified assessments submitted to the State Board of Tax Commissioners at their third and fourth sessions, for review and reassessment, the Board, after considering all ·facts and being fully advised, does now find and order the final assessments for the year 1924 to be as follows:

| No. | Name and address | Assessment by County Board | Assessment by State Board |
|---|---|---|---|
| 1256 | A. Hayes Chamberlain, Salem, Ind. Personal | $4,170 | $5,170 |
| 1251 | Chas. McClintock, Salem Ind. Personal | 5,850 | 8,300 |

"State of Indiana,
"Office of the State
"Board of Tax Commissioners } SS:

"I, John J. Brown, Chairman of the State Board of Tax Commissioners, hereby certify that the above and foregoing is a full, true, and complete copy of the order entered in the two cases above set out on the 29th day of December, 1924.

"Witness my hand and the seal of this Board this 12th day of March, 1925.

"J. J. Brown,
"Chairman,

"Attest:
"Owen S. Boling,
"Secretary
"State Board of
(SEAL)
Tax Commissioners."

Section 171 of the Tax Law of 1919, Acts 1919 p. 297, being §14211 Burns 1926, provides for four regular meetings of the State Board of Tax Commis-

1-3. sioners. The fourth meeting is the one with which we are here concerned. As to this meeting, the section provides that the board "shall reconvene on the third Monday in September of each year to review and reassess or assess originally any property, real or personal, or both, in any taxing unit of the state, and shall remain in session until the Saturday following the first Monday of December." Section 172 of said act, being §14212 Burns 1926, provides for special sessions by adjournment, and for special sessions by the call of the chairman. As to special sessions by adjournment, it is provided that the board may adjourn from time to time until the business before it is finally disposed of, with an exception as to the duration of the session as to original assessments. As we are considering a re-assessment and not an original assessment, we are not concerned with this exception. Saturday following the first Monday in December, 1924, was on December 6, this being the day for the adjournment of the fourth regular session. Appellee testified that he was notified to appear before Harry Lutherbeck and that he did so appear. Other uncontradicted evidence shows that Mr. Lutherbeck was a representative of the State Board of Tax Commissioners, and that the meeting referred to was held on December 3, 1924. Appellee testified that Mr. Lutherbeck called on him for an inventory of his property, and that he refused to give it to him. On December 5, 1924, it appears by the records of the board, in the matter of appellee's assessment, along with a number of other assessments, that "Agents authorized to represent each of the above named taxpayers being present, but on account of lack of information upon which to base findings, and, by

agreement, each of said matters is continued for further hearing at Salem, December 17th." It is reasonable to presume that had appellee given the information which he was required to furnish, and which the board under its rules had a right to demand, there would have been no occasion for a continuance as to this assessment. It is true that appellee says that he was not thereafter notified to appear, and that he did not attend any meetings of the board, but he does not say that he was not represented. He does testify that he was notified to appear on December 17, and that he attended the hearing, and that Mr. Tilden, who was a representative of the board, asked him to file a supplemental report, which he declined to do. It thus appears that he was twice before representatives of the board in response to a notice, and once was represented by an agent before the board in regular session. We do not hesitate to say that the State Board of Tax Commissioners has jurisdiction to hear and determine as to the reassessment of appellee's property. There is some confusion in the records as to the date when that reassessment was made by the board. If, as appears by the face of the record, the reassessment was made on December 6, 1924, it was made at the regular session, and there can be no question as to its validity. If, however, that matter was continued to December 17, for further information, which appellee had declined to give, this was, in effect, an adjournment to that date for the purpose of further hearing, which, under §172, *supra*, was within the powers of the board; and if thereafter, on December 29, as appears by the certificate of the chairman, the board entered the order of reassessment, it was still acting within its authority. Appellee makes no showing that his property is, by the board's order assessed too high. Under such circumstances, he may not complain of mere irregularities. *Reynolds, Auditor,* v. *Bowen,*

*Admr.* (1894), 138 Ind. 434, 36 N. E. 756; *Schlosser Bros.* v. *Huff, Treas.* (1920), 75 Ind. App. 643, 128 N. E. 452.

The judgment is reversed, with instruction to grant a new trial.

Dausman, J., absent.